**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21151

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Gizelle M. Johnson, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Aargon Collection Agency, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Gizelle M. Johnson, by and through the undersigned counsel, complains, states, and alleges against defendant Aargon Collection Agency, Inc. as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant Aargon Collection Agency, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

1

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Gizelle M. Johnson ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Aargon Collection Agency, Inc. ("Defendant") is a company existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. On or about June 29, 2020, Plaintiff received medical services from Sunrise

Medical Laboratories, Inc..

16. Thereafter, Sunrise Medical Laboratories, Inc. claimed Plaintiff incurred a debt of $675.10 for the medical services ("the alleged Debt").

17. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

21. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

22. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

23. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

24. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

25. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

3

26. That letter, dated December 9, 2020, was received and read by Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

27. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)

29. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. 15 U.S.C. § 1692e(5) prohibits a debt collector from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

32. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

33. The Letter alleges that Defendant may contact "any member of [Plaintiff's] family or household directly."

34. The above statement is patently false.

35. 15 U.S.C. § 1692c(b) permits a debt collector to contact only a consumer's spouse.

36. 15 U.S.C. § 1692c(b) prohibits a debt collector from contacting "any member of [Plaintiff's] family or household directly" without Plaintiff's prior consent given directly to the debt collector.

37. Plaintiff did not and would not give Defendant consent to contact members of her family or her household.

38. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is a false, deceptive, or misleading representation in connection with the collection of any debt as prohibited by 15 U.S.C. § 1692e.

39. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is a threat to take action that cannot legally be taken as prohibited by 15 U.S.C. § 1692e(5).

40. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is the use of a false representation or deceptive means to collect or attempt to collect any debt as prohibited by 15 U.S.C. § 1692e(10).

41. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g(b)

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

44. 15 U.S.C. § 1692g(b) provides that nothing in the written notice may overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

45. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

46. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" overshadows Plaintiff's rights to dispute the debt.

5

47. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is inconsistent with Plaintiff's rights to dispute the debt.

48. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

51. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

52. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

53. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

54. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

55. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

56. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

57. Defendant utilizes a third-party vendor without regard to the propriety and privacy

6

of the information which it discloses to such third-party.

58. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

59. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

60. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

61. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

62. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

63. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

64. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    d. Awarding the costs of this action to Plaintiff; and

    e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    f. Such other and further relief that the Court determines is just and proper.

DATED: April 23, 2021

                                        **BARSHAY, RIZZO & LOPEZ, PLLC**

                                        By: s/ *David M. Barshay*
                                        David M. Barshay, Esquire
                                        445 Broadhollow Road | Suite CL18
                                        Melville, New York 11747
                                        Tel: (631) 210-7272
                                        Fax: (516) 706-5055
                                        Our File No.: BRL21151
                                        *Attorneys for Plaintiff*